Samy S. Henein, Esq. (#171356)
SUPPA, TRUCCHI & HENEIN, LLP
3055 India Street
San Diego, CA 92103-6013
Telephone No. (619) 297-7330
Facsimile (619) 297-9658

Attorneys for Defendant DENT-A-MED, INC.
dba HC PROCESSING CENTER

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| BARBARA PRICE, an individual,<br><br>　　　　Plaintiff,<br><br>v.<br><br>DENT-A-MED, INC. dba HC PROCESSING CENTER, *et al.*,<br><br>　　　　Defendants. | Case No.: 2:14-cv-00283-JAM-EFB<br><br>**DEFENDANT DENT-A-MED, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF BARBARA PRICE'S MOTION TO CONFIRM ARBITRATION AWARD**<br><br>DATE: September 18, 2018<br>TIME: 1:30 p.m.<br>CRTRM: 6<br><br>Hon. John A. Mendez |

Defendant DENT-A-MED, INC. dba HC PROCESSING CENTER (Defendant) respectfully submits the following Memorandum of Points and Authorities in Opposition to Plaintiff BARBARA M. PRICE's (Plaintiff) Motion to Confirm Arbitration Award.

**I**

**INTRODUCTION**

An Arbitrator is required to disclose any prior arbitrations with any lawyer for a party to the proceedings including the date and amount of any arbitration award. In this case, the Arbitrator failed to disclose a prior arbitration award for $322,880 involving Mr. Ronald Wilcox, who was a lawyer for a party in a prior proceeding. The Court should therefore deny confirmation of the award and instead vacate the Award.

## II

## STATEMENT OF FACTS

On January 29, 2014, Plaintiff filed the present action. On April 3, 2015, the Court approved the parties Stipulation Re: Binding Contractual Arbitration and Order Staying Proceedings in the District Court. On April 20, 2015, Claimant initiated the arbitration proceedings by filing a demand for Arbitration with Judicial Arbitration and Mediation Services (JAMS). The parties then proceeded with the process of selecting an Arbitrator, and ultimately agreed to appoint Hon. Read Ambler (Ret.) ("Judge Ambler") as the Arbitrator. On August 12, 2015, Judge Ambler provided his "Disclosure Checklist," in which he identified "Cases heard with Ronald Wilcox." "Hernandez, Edgar, et al. vs. Robinson Tail, P.S. - Arbitration Panelist Role: Neutral Arbitrator, Case Result(s): Settled Prior to Final Award."

The Arbitration Hearing was conducted on October 11-13, 2016 and January 24-25, 2017. The parties thereafter filed various briefs. In support of a post arbitration motion for an award for attorney fees, which was after the Arbitrator had issued his rulings in favor of Plaintiff, Mr. Wilcox filed a Supplemental Declaration in which he attached a copy of Judge Ambler's award in the Hernandez vs. Robinson Tail case. This is when Defendant and its counsel first learned that Judge Ambler had actually awarded Ronald Wilcox and his co-counsel $322,880 in attorneys' fees alone.

On May 9, 2018, Judge Ambler issued an Award in which Plaintiff was awarded the sum of $1,338,442.20. The Award was served on Defendant's counsel by e-mail on May 10, 2018.[1]

## III

## ARGUMENT

**A. AN ARBITRATION AWARD MAY NOT BE CONFIRMED AND INSTEAD MUST BE VACATED WHEN AN ARBITRATOR FAILS TO MAKE ANY OF THE DISCLOSURES REQUIRED BY C.C.P. §1281.9.**

---

[1] JAMS rule 24(i) states "After the Award has been rendered, and provided the Parties have complied with Rule 31, the Award shall be issued by serving copies on the Parties. Service may be made by U.S. mail. It need not be sent certified or registered. JAMS Rule 24(k) states "The Award is considered final, for purposes of either the Optional Arbitration Appeal Procedure pursuant to Rule 34 or a judicial proceeding to enforce, modify or vacate the Award pursuant to Rule 25, fourteen (14) calendar days after service is deemed effective if no request for a correction is made, or as of the effective date of service of a corrected Award.

The FAA applies when there is federal subject matter jurisdiction, as when diversity of citizenship exists among the parties. <u>Moses H. Cone Memorial Hosp. v. Mercury Const.</u>, 460 U.S. 1, 25 n.32, 74 L. Ed. 2d 765, 103 S. Ct. 927 (1983).

Moreover, the Federal Arbitration Act, specifically 9 U.S.C. §10(a)(2), which requires vacating an award for evident partiality of the arbitrator, does not preempt Code Civ. Proc. §1286.2(a)(6)(A), which requires an award to be vacated for the arbitrator's failure to make any of the required disclosures. 9 U.S.C. §10(a) applies only in federal court. Further, Code Civ. Proc. §1286.2(a)(6)(A) is not inconsistent with the FAA, nor does it undermine the purposes of the <u>FAA. Ovitz v. Schulman</u>, (2005) 133 Cal. App. 4th 830, 849–854, 35 Cal. Rptr. 3d. 117.

Within 10 calendar days of service of notice of the proposed nomination or appointment, a neutral arbitrator must disclose to the parties any information required by Code of Civil Procedure Section 1281.9(a), which includes the information required to be disclosed by Code of Civil Procedure Section 170.1, relating to disqualification of judges and the information required to be disclosed by the Ethics Standards for Neutral Arbitrators in Contractual Arbitration, California Rules of Court, Appendix, Division VI, applicable to neutral arbitrators appointed to serve on or after July 1, 2002 (Code Civ. Proc. §1281.9(a)).

Code Civ. Proc. § 1281.9(a), which enumerates the disclosures required by an Arbitrator, states in pertinent part as follows:

> (a) In any arbitration pursuant to an arbitration agreement, when a person is to serve as a neutral arbitrator, the proposed neutral arbitrator shall disclose all matters that could cause a person aware of the facts to reasonably entertain a doubt that the proposed neutral arbitrator would be able to be impartial, including all of the following:
>
> 1) The existence of any ground specified in Section 170.1 for disqualification of a judge. ...
>
> (2) Any matters required to be disclosed by the ethics standards for neutral arbitrators adopted by the Judicial Council pursuant to this chapter.
>
> (3) The names of the parties to all prior or pending noncollective bargaining cases in which the proposed neutral arbitrator served or is serving as a party arbitrator for any party to the arbitration proceeding or for a lawyer for a party and the results of each case arbitrated to conclusion, including the date of the arbitration award, identification of the prevailing party, the names of the parties' attorneys and the amount of monetary damages awarded, if any. In order to preserve confidentiality, it shall be sufficient to give the name of any party who is not a party to the pending arbitration as "claimant" or "respondent" if the party

is an individual and not a business or corporate entity.

(4) The names of the parties to all prior or pending noncollective bargaining cases involving any party to the arbitration or lawyer for a party for which the proposed neutral arbitrator served or is serving as neutral arbitrator, and the results of each case arbitrated to conclusion, including the date of the arbitration award, identification of the prevailing party, the names of the parties' attorneys and the amount of monetary damages awarded, if any. In order to preserve confidentiality, it shall be sufficient to give the name of any party not a party to the pending arbitration as "claimant" or "respondent" if the party is an individual and not a business or corporate entity. [Code Civ. Proc. § 1281.9]

A court is required by Code Civ. Proc. §1286.2(a)(6)(A) to vacate an award once it is shown that the neutral arbitrator failed to disclose in a timely fashion one of the matters required to be disclosed under Code Civ. Proc. §1281.9(a) and the moving party was not aware of the matter until after the arbitration. Mt. Holyoke Homes, L.P. v. Jeffer Mangels Butler & Mitchell, LLP, (2013) 219 Cal. App. 4th 1299, 1311, 162 Cal. Rptr. 3d 597; Gray v. Chiu, (2013) 212 Cal. App. 4th 1355, 1362, 151 Cal. Rptr. 3d 791; Benjamin, Weill & Mazer v. Kors, (2010) 189 Cal. App. 4th 126, 147, 116 Cal. Rptr. 3d 677; International Alliance of Theatrical Stage Employees, etc. v. Laughon, (2004) 118 Cal. App. 4th 1380, 1386, 14 Cal. Rptr. 3d 341. Furthermore, vacation of the arbitrator's award is required even when no prejudice from the lack of disclosure is shown. Mt. Holyoke Homes, L.P. v. Jeffer Mangels Butler & Mitchell, LLP, (2013) 219 Cal. App. 4th 1299, 1311, 162 Cal. Rptr. 3d 597.

**B. THE COURT SHOULD DENY CONFIRMATION OF THE AWARD AND THE AWARD SHOULD BE VACATED BECAUSE THE ARBITRATOR FAILED TO DISCLOSE THAT MR. WILCOX' CLIENT WAS THE PREVAILING PARTY IN A PRIOR ARBITRATION AND THE AMOUNT THAT WAS AWARDED TO HIS CLIENT.**

The Hernandez Award states as follows:

Counsel: Ronald Wilcox...Attorneys for Claimants

Date of Award: February 7, 2013

....

After three years of contentious litigation, - Defendants finally agreed to settle this matter by agreeing to pay Claimants $50,000, and to have this Arbitrator decide the reasonable attorney's fees and costs to be awarded to Claimants. ***As the prevailing party in this case, Claimants are entitled to an award of costs and reasonable attorney's fees***. At the initial AMC herein on September 14, 2012, the Parties agreed through counsel that the JAMS Comprehensive Arbitration Rules & Procedures would apply herein. Pursuant to Rule 24(f): "The Award of the Arbitrator may allocate Arbitration fees and Arbitrator

compensation and expenses ("Arbitration fees") unless such an allocation is expressly prohibited by the Parties' agreement." The Parties' did not so prohibit such an allocation in their agreement to arbitrate. Accordingly, the Arbitrator has the authority to allocate Arbitration fees herein. Claimants have requested an award of Arbitration fees.

***Since Arbitration fees have been incurred since the matter was originally submitted for decision on November 13, 2012, the Arbitrator has determined that the issuance of an Interim Award, rather than a final Arbitration Award, is necessary to preserve jurisdiction to award such additional Arbitration fees if appropriate.***

The Arbitrator awards attorney's fees of $299,208 and costs of $23,672, for a total of $322,880,...

An arbitration award must in writing and signed by the arbitrators concurring therein. It is also required to include a determination of all the questions submitted to the arbitrators the decision of which is necessary in order to determine the controversy [Code Civ. Proc. §1283.4; see also E. San Bernardino Cnty. Water Dist. v. City of San Bernardino, (1973) 33 Cal. App. 3d 942, 953–954, 109 Cal. Rptr. 510]. An arbitrator's designation of his or her ruling as an "award" does not make it one under Code Civ. Proc. §1283.4. Likewise, an award's qualification as an award under the rules of arbitration service providers does not control the inquiry pursuant to that statute [Kaiser Found. Health Plan, Inc. v. Superior Court, (2017) 13 Cal. App. 5th 1125, 1142, 221 Cal. Rptr. 3d 278; Judge v. Nijjar Realty, Inc., (2014) 232 Cal. App. 4th 619, 636 (arbitration decision construing clause to exclude class arbitration under Am. Arb. Ass'n Supp. Rules for Class Arbs., Rule 3, did not qualify as "award" under Code Civ. Proc. §1283.4)]. In some circumstances, it may be appropriate for an arbitrator to issue a partial final award and to reserve jurisdiction over other issues [see Heimlich v. Shivji, (2017) 12 Cal. App. 5th 152, 173–174, 218 Cal. Rptr. 3d 576 (Code Civ. Proc. §998 cost request after award on merits); Roehl v. Ritchie, (2007) 147 Cal. App. 4th 338, 351–352, 54 Cal. Rptr. 3d 185 (trust administration); Hightower v. Superior Court, (O'Dowd) (2001) 86 Cal. App. 4th 1415, 1419–1420, 104 Cal. Rptr. 2d 209 (involving shareholder buy-out)]. As long as the arbitrator has not improperly left undecided issues "necessary in order to determine the controversy," a partial final award meets the requirements of Code Civ. Proc. §1283.4 [Roehl v. Ritchie (2007) 147 Cal. App. 4th 338, 351, 54 Cal. Rptr. 3d 185; Hightower v. Superior Court, (O'Dowd) (2001) 86 Cal. App. 4th 1415, 1439, 104 Cal. Rptr. 2d 209]. The partial final award may be confirmed and an interlocutory judgment entered thereon. Thus, the party who is unsatisfied with the partial final award will be able to seek judicial review by way of extraordinary writ [Hightower v.

1  Superior Court, (O'Dowd) (2001) 86 Cal. App. 4th 1415, 1440, 104 Cal. Rptr. 2d 209].

2  Judge Ambler's disclosure checklist did not disclose the fact that Mr. Wilcox' client was the prevailing party in the Hernandez vs. Robinson Tail arbitration, nor did it disclose the fact that Mr. Wilcox and his co-counsel were awarded $322,880 in attorney's fees and costs. Judge Ambler stated only that the Hernandez case was "Settled Prior to Final Award". This disclosure was inaccurate. Since the award was in fact a final determination of the issues submitted, it was subject to judicial confirmation, which means it was arbitrated to conclusion. Therefore, the fact that Mr. Wilcox' client prevailed and the amount of the award should have been disclosed notwithstanding the "designation" of the award as an "interim award".

**C. THE AWARD SHOULD NOT BE CONFIRMED AND SHOULD INSTEAD BE VACATED BECAUSE THE ARBITRATOR FAILED TO REVEAL EXISTING FACTS WHICH COULD REASONABLY HAVE CREATED THE IMPRESSION THAT THE ARBITRATOR POSSIBLY WAS BIASED.**

In addition to the disclosure requirements in Code Civ. Proc. § 1281.9(a)(3) and (4), a proposed neutral arbitrator must timely disclose to the parties "all matters that could cause a person aware of the facts to reasonably entertain a doubt that the proposed neutral arbitrator would be able to be impartial," including, without limitation, specified information. (§ 1281.9, subd. (a); see Cal. Rules of Court, Ethics Standards for Neutral Arbitrators in Contractual Arbitration, std. 7(d) (Ethics Standards).)

An award may be vacated if the neutral arbitrator failed to disclose to the parties any facts that might create an impression of possible bias in the eyes of a hypothetical, reasonable person (Ceriale v. AMCO Ins. Co., (1996) 48 Cal. App. 4th 500, 504, 506. 55 Cal. Rptr. 2d 685; Kaiser Foundation Hospitals, Inc. v. Superior Court, (1993) 19 Cal. App. 4th 513, 517, 23 Cal. Rptr. 2d 431; see also Cal. Rules of Ct., Appen., Div. VI, Standards 7(d)(4) (service as party arbitrator) and 7(d)(7) (attorney-client relationships)

A party to the arbitration is not required to investigate a proposed neutral arbitrator to discover the information that the arbitrator is required to disclose, instead it is the arbitrator's obligation to timely and accurately disclose it. Mt. Holyoke Homes, L.P. v. Jeffer Mangles Butler & Mitchell LLP, (2013) 219 Cal. App. 4th 1299, 162 Cal. Rptr. 3d 597 at 1312.

A trial court considering a petition to confirm or vacate an arbitration award is required to determine, de novo, whether the circumstances disclose a reasonable impression of arbitrator bias, when that issue is properly raised by a party to the arbitration. Greenspan v. LADT, LLC, (2010) 185 Cal. App. 4th 1413, 1457, 111 Cal. Rptr. 3d 468.

By stating that the case "settled prior to final award," the Arbitrator failed to *accurately* disclose that which might cause a reasonable doubt of impartiality. Mr. Wilcox's client in the Hernandez case was awarded $322,880 in attorney's fees and costs in a case which was settled for $50,000. Furthermore, according to the findings in the Hernandez award, the claims and issues were very similar to the claims and issues in the arbitration between Plaintiff and Defendant. For example, in the Hernandez award, the Arbitrator found that Respondents engaged in communications that were abusive, deceptive and misleading, which is the same conduct that was at issue in this matter. The Hernandez award also states "But as Claimants point out, Respondents never took the Claimants' depositions, preferring to ridicule their claims of emotional distress damage, when they should have known that their pre-suit conduct, including unlawfully demanding payment for - , threatening to garnish 40% of -, filing an unlawful suit for -, and refusing to dismiss for over might well cause anxiety, frustration, lack of sleep, lack of concentration, marital instability, and/or loss of love and affection between one another." Again, this alleged conduct was similar to the conduct at issue in this matter.

The designation of the award in this matter as an "Interim Award", and thus failing to disclose the result of the Hernandez decision, was wrong. The Arbitrator was required to disclose any facts that might create an impression of possible bias in the eyes of a hypothetical, reasonable person. The fact that the Arbitrator had previously issued a substantial fee award in favor of Mr. Wilcox' client under similar circumstances is a fact that might create an impression of possible bias in the eyes of a hypothetical, reasonable person.

**D.  PLAINTIFF IS NOT ENTITLED TO PREJUDGMENT INTEREST ON THE AWARD FOR EMOTIONAL DISTRESS.**

Plaintiff request that the Court award pre-judgment interest on the $100,000 damages for emotional distress at 10% to accrue from August 20, 2016, the date of the CCP 998 offer.

As a threshold matter, Plaintiff request for awarding 10% interest as opposed to the Federal rate

of interest is unsupported by any authority . Plaintiff's request should therefore be denied.

In addition, the request for pre-judgment interest is in effect a request for correction of the award, which is impermissible. In Maaso v. Signer, (Cal. App. 2d Dist. Feb. 7, 2012), 203 Cal. App. 4th 362, 136 Cal. Rptr. 3d 853, 2012 Cal. App. LEXIS 112, modified, (Cal. App. 2d Dist. Mar. 1, 2012), 2012 Cal. App. LEXIS 248, after a patient prevailed in a binding contractual arbitration of a medical malpractice claim, he could not recover from the trial court under CCP § 998 and CC § 3291 an award of costs and interest pertaining to a rejected offer to compromise because he never requested that the arbitrators award him such costs and interest, which were within the arbitrators' purview. In accordance with CCP § 1286, the trial court was required to confirm the award as made because none of the exclusive grounds for correction of an award under CCP § 1286.6 existed." Thus, *Masso* stands for the proposition that the award of interest, if any, had to be awarded by the arbitrator, and not by the court in a subsequent motion to confirm the arbitrator's award.

Furthermore, the award for emotional distress damages was not more favorable than defendants' offer as required by Cal. Civ. Code § 3291. Section 3291 states;

> In any action brought to recover damages for personal injury sustained by any person resulting from or occasioned by the ***tort*** of any other person, corporation, association, or partnership, whether by negligence or by willful intent of the other person, corporation, association, or partnership, and whether the injury was fatal or otherwise, it is lawful for the plaintiff in the complaint to claim interest on the damages alleged as provided in this section.
>
> If the plaintiff makes an offer pursuant to Section 998 of the Code of Civil Procedure which the defendant does not accept prior to trial or within 30 days, whichever occurs first, and the plaintiff obtains a more favorable judgment, the judgment shall bear interest at the legal rate of 10 percent per annum calculated from the date of the plaintiff's first offer pursuant to Section 998 of the Code of Civil Procedure which is exceeded by the judgment, and interest shall accrue until the satisfaction of judgment.

Plaintiff was only awarded $40,000 for the only tort claim, the intrusion upon seclusion cause of action (a collection call). The award states; "The Arbitrator finds that Claimant is entitled to recover actual damages as a result of Respondent's intrusion upon Claimant's seclusion between for the September 24, 2013-December 29, 2013 period in the amount $40,000." Therefore, Plaintiff's request for prejudgment interest should be denied because the award for emotional distress damages was not more favorable than defendants' offer as required by Cal. Civ. Code § 3291.

Lastly, a plaintiff who is entitled to prejudgment interest pursuant to Civ. Code, § 3291 (judgment

greater than amount of offer to compromise under Code Civ. Proc., § 998), is not entitled to prejudgment interest for any portion of the judgment for punitive damages. Although Civ. Code, § 3291, provides that "the judgment" shall bear interest, the operative language of the entire statute is "damages for personal injury." Civ. Code, § 3291, was intended to encourage settlements in personal injury cases. Any connection there might be between the availability of prejudgment interest on punitive damages and the statutory purpose of providing an incentive to settle is too attenuated and speculative. Further, prejudgment interest has an additional purpose of compensating personal injury plaintiffs for loss of use of money during the prejudgment period. Punitive damages are awarded for the sake of example and by way of punishing the defendant and are not intended to make the plaintiff whole by compensating for a loss suffered. To award prejudgment interest on punitive damages arising from personal injury actions would therefore give a windfall to the plaintiffs in those actions. Lakin v. Watkins Associated Industries, (Cal. Dec. 16, 1993), 6 Cal. 4th 644, 25 Cal. Rptr. 2d 109, 863 P.2d 179, 1993 Cal. LEXIS 6126.

Thus, if any pre-judgment interest is awarded, it can only be awarded on the $40,000 award and not on the punitive damage portion.

## IV

## CONCLUSION

The Arbitrator was required to disclose the fact the Mr. Wilcox' client in the Hernandez arbitration was the prevailing party and was awarded $322,880 in attorneys' fees and costs. Accordingly, Defendant respectfully request that the Court DENY the present Motion to Vacate the Arbitration Award.

In addition, no prejudgment interest should be awarded, but if any pre-judgment interest is awarded, it should only be awarded on the $40,000 award, and not on the punitive damage portion, and the interest rate should be the Federal rate of interest.

////
////
////
////
////
////

9
**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO MOTION TO VACATE ARBITRATION AWARD**

Lastly, the award does not state that any payment should be made directly to counsel, so if the award is confirmed, the judgment should be in conformity with the award.

SUPPA, TRUCCHI AND HENEIN LLP

DATE: August 16, 2018          By: /s/ Samy Henein
Samy S. Henein, Esq.
Attorney for Defendant
DENT-A-MED, INC.
dba HC PROCESSING CENTER