Ronald Wilcox, Bar No. 176601
Wilcox Law Firm, P.C.
2021 The Alameda, Suite 200
San Jose, California 95126
Tel: 408-296-0400
Fax: 408-296-0486
ronaldwilcox@gmail.com

Jim G. Price
Delta Law Group
6569 Brentwood Blvd.
P.O. Box. 1417
Brentwood, California 94513
Tel: 925-516-4686
Fax: 925-516-4058
lawofficesofjgp@sbcglobal.net

Attorneys for Plaintiff Barbara Price

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
# SACRAMENTO DIVISION

| | |
|---|---|
| BARBARA PRICE, an individual<br><br>Plaintiff,<br><br>v.<br><br>DENT-A-MED DBA HC PROCESSING CENTER, *et al.*,<br><br>Defendants. | Case No. 2:14-cv-00283-JAM-EFB<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF HER PETITION TO CONFIRM ARBITRATION AWARD**<br><br>Date: September 18, 2018<br>Time: 1:30 p.m.<br>Courtroom: 6<br>Judge: Honorable John A. Mendez |

I. **HISTORY OF CASE FOLLOWING ENTRY OF FINAL ARBITRATION AWARD AND PLAINTIFF'S PETITION TO CONFIRM**

On May 10, 2018, the Final Arbitration Award was entered by the Hon. Read Ambler (Ret.) of JAMS.

On June 9, 2018, Plaintiff filed a Petition to Confirm the Arbitration Award. (Dkt. 44).

On August 16, 2018, after the three-month deadline to do so had passed, Defendant filed two separate briefs, the first being an Opposition to Plaintiff's Petition (Dkt. 45), and the second being a virtually identical Motion to Vacate the Arbitration Award (Dkt. 46-1). Defendant also filed virtually identical Declarations in Support. (Dkt. 45-1 and 46-2).

Neither Defendant's Opposition to Plaintiff's Petition (nor the identical Motion to Vacate) contain any argument that the Arbitration Award should be vacated for evident partiality under the Federal Arbitration Act ("FAA") and as such, this argument is waived.[1] Regardless, Ninth Circuit authority make clear that the award should not be vacated here based upon evident partiality. *See Laborers Int'l Union, Local 872 v. Quality Mech. Contractors*, No. 93-15228, 1994 U.S. App. LEXIS 22212, at *6-7 (9th Cir. 1994) (*quoting Sheet Metal Workers Int'l Ass'n, Local 420 v. Kinney Air Conditioning*, 756 F.2d 742, 745-46 (9th Cir. 1985) (" 'The burden of proving facts which would establish a reasonable impression of partiality rests squarely on the party challenging the award. The party alleging evident partiality must establish specific facts which indicate improper motives on the part of the Board. The appearance of impropriety, standing alone, is insufficient.' ")

---

[1] The only reference Defendant makes to 10 U.S.C. § 10(a)(2), the FAA section on "evident partiality," is to say that such section does not preempt Cal. Proc. Civ. Code § 1286.2, which permits cases governed by California arbitration law to be vacated where an arbitrator fails to make certain disclosures. *See* Def. Opp. to Pet., at 3:4-9 (Dkt. 45).

On September 4, 2018, Plaintiff filed her Opposition to Defendant's Motion to Vacate and Declaration in Support thereof, addressing the issues raised in both Defendant's Motion to Vacate and Opposition to Plaintiff's Petition. (Dkt. 47 and 48). Plaintiff sent a courtesy copy of her Opposition and Supporting Declaration to Your Honor, via overnight mail, that same day.

In the interest of conserving the time and resources of the Court, Plaintiff hereby submits her reply in support of her Petition to Confirm the Arbitration Award, which incorporates her Opposition to Defendant's Motion to Vacate and Declaration in Support into Plaintiff's Reply herein. (Dkt. 47 and Dkt. 48) and reiterates her request that this Court order that attorney's fees and costs already awarded in the Arbitrator's Final Order be made directly in the name of Plaintiff's attorneys.

## II.   LEGAL DISCUSSION

### A.   Defendant's Motion to Vacate Is Time-Barred

The Federal Arbitration Act ("FAA"), which applies here, unequivocally requires that any Opposition to an Arbitration Award be filed within the three months after a Final Arbitration Award is filed or delivered,[2] and such deadline cannot be extended.[3] Here, the parties were served with the Final Award on May 10, 2018, thus requiring any Opposition thereto to be filed on or before August 10, 2018. Because Dent-A-Med filed its Motion to Vacate and Opposition to Plaintiff's Motion to Confirm on August 16, 2018, after the three-month deadline had passed, its attempts to vacate or otherwise oppose the Award are time-barred.

---

[2] 9 U.S.C. § 12. ("Notice of a motion to vacate, modify, or correct an award <u>must be served upon the adverse party or his attorney within three months after the award is filed or delivered</u>. . . . such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in action in the same court.") (emph. added).
[3] *See, e.g., Cooper v. Lavey & Singer Prof'l Corp.*, 230 Cal. App. 4th 1, 18 (2d Dist. 2014) (JAMS rules do not extend statutory deadlines for the filings of motions to vacate).

In further support, Plaintiff expressly adopts, repleads, and incorporates Plaintiff's Opposition to Defendant's Motion to Vacate Arbitration Award and Declaration in Support as if fully stated herein. *See* Opposition to Defendant's Motion to Vacate (Dkt. 47) (hereafter "Pl. Opp.") at p. 4:1-6:4 (FAA applies here); Pl. Opp. at 7:1-9:4 (Defendant's Opposition to Plaintiff's Petition and Motion to Vacate are untimely under the FAA and are therefore barred); Pl. Opp. at 1:13-15 and n. 4 (Defendant's Motion and Opposition are time barred under Utah Law); Pl. Opp. at 9:5-10:4 (Defendant's Motion and Opposition are time-barred under California law); Pl. Opp. at 10:5-11:10 (Because Defendant failed to timely oppose the Arbitration Award, Defendant is barred from opposing Plaintiff's Petition to Confirm the Award or seeking to vacate the Arbitration Award in any way). As a result, for all the reasons stated herein and Plaintiff's Opposition to Defendant's Motion to Vacate and Supporting Declaration, this Court should grant Plaintiff's Petition to Confirm the Arbitration Award.

**B.     Defendant Waived Its Argument That The Arbitrator Did Not Make The Proper Disclosures On Two Separate Occasions**

On August 13, 2015, the Arbitrator disclosed to Defendant that he served as mediator in 4 cases handled by Plaintiff's attorney Ronald Wilcox, and as an arbitrator in another case, *Hernandez*.[4] The Arbitrator further indicated that the *Hernandez* case was "settled before Final Award."[5] Under California law, any objection to Judge Ambler based on the cases he disclosed was to be made within 15 calendar days or it was waived[6] because "[n]ot every omission of information that is required to be disclosed pursuant to Section 1281.9 constitutes a 'ground for

---

[4] Henein Decl. in Opp. to Pl.'s Mtn. to Confirm ("Henein Decl."), Ex. C, at pp. 52 & 54 of 253 (Doc. 45-1).
[5] Heinen Decl., Ex. C, at p. 54 of 253 (Doc. 45-1).
[6] *See Dornbirer v. Kaiser Found. Health Plan, Inc.*, 160 Cal. App. 4th 831, 846 (4th Dist. 2008); CCCP § 1281.9.

disqualification' within the meaning of 1286.2(a)(6)(A)[.]"[7]  Only when the arbitrator fails to acknowledge the existence of a relationship does a "ground for disqualification" exist.[8]  Because Defendant failed to object in August 2015, it waived its right to object to the Arbitrator or the Award.

Additionally, on August 17, 2018, while the arbitration was still pending, Defendant was served with a copy of the *Hernandez* Interim Award, the award on which its Opposition to the Plaintiff's Petition to Confirm is based, and Defendant did nothing despite being given direct notice of the contents of the previous Interim Award of which it now complains.[9]  Under California law, Defendant was required to make any objection before the conclusion of arbitration, and it was required to object promptly under JAMS Rules.[10]  Defendant did neither, even though Plaintiff's Motion for Attorneys' Fees and Defendant's Motion to Correct Interim Award were still pending at that time, and instead, did not raise its objection until August 16, 2018, after the Final Award was entered on May 10, 2018, after Plaintiff filed her Petition to Confirm on June 9, 2018, and after the deadline to file a Motion to Vacate had passed on August 10, 2018.  As a result, Defendant waived its right to oppose Plaintiff's Petition or move to vacate the Final Award based upon the Arbitrator's disclosure.  *See, also, Fid. Fed. Bank, FSB v. Durga Ma Corp.*, 386 F.3d 1306, 1308, 1312 (9th Cir. 2004) ("Fidelity had constructive notice of the arbitrator's potential connections to the Durga Ma attorneys but did not object to the arbitrator's appointment or his failure to make disclosures until after an interim award was entered in favor

---

[7] *United Health Ctrs. of San Joaquin Valley, Inc. v. Superior Court*, 229 Cal. App. 4th 63, 77 (5th Dist. 2014).
[8] *See id*.
[9] *See* Henein Decl. at <u>Ex. D</u> at p. 76 of 253 (Plaintiff's brief attaching the *Hernandez* Interim Award served on Defendant on April 17, 2018) (Dkt. 45-1).
[10] *See* Cal. Proc. Code § 1281.91 and JAMS Rules 15(i) and 27, attached to Henein Decl., <u>Ex. F</u>.

of Durga Ma . . . . We do not reach the issue of whether Leib's past and present personal and professional relationships with the Durga Ma attorneys create a reasonable impression of partiality because we conclude that Fidelity waived its right to seek vacatur on that basis.") As stated by the Ninth Circuit:

> Holding that the waiver doctrine applies where a party to an arbitration has constructive knowledge of a potential conflict but fails to timely object is the better approach in light of our policy favoring the finality of arbitration awards. There is no charge or evidence of actual bias and no indication that the arbitration award was anything but fair.[11]

In further support, Plaintiff expressly adopts, repleads, and incorporates Plaintiff's Opposition to Defendant's Motion to Vacate Arbitration Award and Declaration in Support as if fully stated herein. *See* Pl.'s Opp. at 11:11-15:11.

**C.      The Arbitrator Made The Proper Disclosures.**

At the beginning of the *Price* Arbitration, the Arbitrator disclosed that he arbitrated a matter, "*Hernandez,*" where Ronald Wilcox was an attorney, which matter settled before a final award was issued.[12] This disclosure is accurate because the *Hernandez* case settled. Therefore, the case was not arbitrated to conclusion, and there was not a final award that merited any disclosure other than the one provided by the Arbitrator here. In fact, that the case was settled is further confirmed by the Santa Clara Superior Court's Judge Kirwan issuing a "Notice of Hearing: Dismissal after Settlement" on February 27, 2013,[13] even though the further briefing schedule contained in Judge Ambler's Interim Award was not even completed.[14]

---

[11] *Fid. Fed. Bank, FSB v. Durga Ma Corp.*, 386 F.3d at 1313.
[12] Henein Decl., at Ex. C, at pp. 52 and 54 of 253 (Dkt. 46-2).
[13] *See* Decl. of Ronald Wilcox In Support of Plaintiff's Reply In Support of Plaintiff's Petition to Confirm Award, at ¶ 1.
[14] *See* Decl. Samy Henein, Exhibit D, at p. 103 of 253 (Dkt. 46-2)

Additionally, the Interim Award was not required to be disclosed because: (1) Interim Awards are not final awards that need to be disclosed and (2) attorneys' fees, the only subject contained in the Interim Award, are not monetary damages that require disclosure.

As a result, for all the reasons stated herein and Plaintiff's Opposition to Defendant's Motion to Vacate and Ronald Wilcox's Supporting Declaration (Dkt. 48-1), this Court should grant Plaintiff's Petition to Confirm the Arbitration Award.  *See* Pl.'s Opp. at 15:12-19:9 and Decl. of R. Wilcox, at ¶¶ 5-12 (Arbitrator not required to disclose Interim Award because the Hernandez case was not arbitrated to conclusion, and there was no final award); Opp. at 19:9-21:2 (Attorneys' fees are not monetary damages required to be disclosed under California Code of Civil Procedure § 1281.9).

**D.** **Defendant Has Not Shown That The Arbitrator Failed To Disclose Facts That Would Render Him Biased**

As a well-respected arbitration treatise states:

> Vacatur for evident partiality due to nondisclosure is a difficult course. A court must confirm an award, unless vacated and the judicial tendency is to find any reasonable explanation for avoiding vacatur. If the court discovers an unexercised option where the claimed prejudice due to nondisclosure could have been avoided, a challenge to the arbitration award will likely be denied.[15]

Defendant has failed to show that the Arbitrator was biased, or that ruling on a previous Motion for Attorneys' fees or his ruling on similar claims in the past created an impression of possible bias.  Moreover, as the FAA governs the parties' arbitration and appeal thereof, Defendant cannot oppose Plaintiff's Petition to Confirm or otherwise move to vacate based upon California's law.  Thus, contrary to defendant's assertion, an "impression of possible bias" is not

---

[15] 3 Commercial Arbitration § 69:5, Oehmke.

Plaintiff's Reply In Support Of Her Petition To Confirm Arbitration Award                 7

enough to vacate an award here, instead, evident partiality is required.[16] Defendant has neither shown nor argued in its Opposition to Plaintiff's Petition (or opening Motion to Vacate) that there was evident partiality under the FAA, and therefore such argument is waived.

Again, only when the arbitrator fails to admit the existence of a relationship does a "ground for disqualification" exist.[17] As the Appellate Courts state, to hold otherwise "would have absurd results in that a party could successfully move to have any arbitration award vacated if an arbitrator failed to disclose the amount of a single prior award[.]"[18]

As a result, for all the reasons stated herein and Plaintiff's Opposition to Defendant's Motion to Vacate, this Court should grant Plaintiff's Petition to Confirm the Arbitration Award. *See* Pl.'s Opp. at 21:3-22:25.

**E.     This Court Should Award Plaintiff Post-Judgment Interest On Damages For Her Emotional Distress.**

Because Plaintiff received more than $100,000 in damages at trial, which is the amount she offered to settle for pursuant to California Proc. Civ. Code § 998, she is entitled to recover prejudgment interest on the amount of actual damages for personal injury awarded, $100,000, "at a rate of 10% per annum calculated from the date of plaintiff's first" Rule 998 Offer, which is August 22, 2016.

As a result, for all the reasons stated herein and Plaintiff's Opposition to Defendant's Motion to Vacate, this Court should grant Plaintiff's Petition to Confirm the Arbitration Award. *See* Pl.'s Opp. at 23:1-24:25 (Plaintiff received more than $100,000 in actual damages and punitive damages (which are included in the calculation for § 998 purposes) at trial); Pl.'s Opp.

---

[16] *Compare* Def.'s Opp. to Petition to Confirm at 6:19-24 (Dkt. 46-1) (discussing bases to vacate arbitration awards under California state law) and FAA, 9 U.S.C. § 10(a) (can only vacate where there is "evident partiality or corruption in the arbitrator[.]")
[17] *United Health Ctrs. of San Joaquin Valley, Inc.*, 229 Cal. App. 4th at 77.

at 25:1-11 (Plaintiff's request for pre-judgment interest in this Court is authorized by the Final Arbitration Award entered in this matter); Pl.'s Opp. at 25:12-17 (Plaintiff's request for pre-judgment interest is authorized by statute).

### F. This Court May Order Defendant To Pay The Attorneys' Fees And Costs Directly To Plaintiff's Attorneys.

It is undisputed that the Arbitrator entered a Final Award that awarded $411,774.75 in attorneys' fees and costs to Plaintiff's attorney, Ronald Wilcox, and $188,247.45 in attorneys' fees and cost to Plaintiff's attorney, Jim Price. The California Supreme Court has stated an award of fees and costs can be made directly in the name of attorneys, and Plaintiff respectfully requests that this Court order Defendant to do just that here. *See Serrano v. Priest*, 20 Cal. 3d 25 (1977) ("The propriety of a direct award to plaintiffs' attorneys, rather than plaintiffs themselves, in the exercise of the court's equitable powers, is no longer questioned in the federal courts.")

### III. CONCLUSION

For the reasons set forth above, and including the reasons contained in Plaintiff's Opposition to Defendant's Motion to Vacate and Supporting Declaration, *see* Dkt. 47 and 48, which are expressly adopted, repleaded, and incorporated herein, Plaintiff respectfully requests that this Court grant Plaintiff's Petition to Confirm The Arbitration Award in its entirety.

Dated: September 11, 2018                    Respectfully submitted,

/s/ Ronald Wilcox
Ronald Wilcox, Counsel for Plaintiff

---

[18] *Dornbirer*, 160 Cal. App. 4th at 846.